UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
GRISTEDE'S FOODS, INC.,

                  Plaintiff,

-against-

UNKECHAUGE NATION a/k/a UNKECHAUGE
POOSPATUCK TRIBE; HARRY WALLACE;
POOSPATUCK SMOKE SHOP AND TRADING POST;
THE SHINNECOCK TRIBE, a/k/a THE
SHINNECOCK INDIAN NATION;
RANDALL KING; JAMES W. ELEAZER, JR.;
LANCE A. GUMBS; SHINNECOCK LTD.; and
JOHN DOES 1 through 100,

                  Defendants.
------------------------------------------------------------------ X

**NOT FOR PUBLICATION**

MEMORANDUM AND ORDER

06-CV-1260 (CBA)

Plaintiff Gristede's Foods, Inc. ("Gristede's Foods") has filed suit against the Unkechauge Nation, a/k/a Unkechauge Poospatuck Tribe (the "Unkechauge"), Lance A. Gumbs, and the Poospatuck Smoke Shop and Trading Post (the "Poospatuck Smoke Shop") (collectively, the "Unkechauge defendants"), as well as the Shinnecock Tribe, a/k/a the Shinnecock Indian Nation (the "Shinnecock"), Harry Wallace, Randall King, James W. Eleazer, Jr., and Shinnecock, Ltd. (collectively the "Shinnecock defendants"). Gristede's Foods alleges that the defendants have engaged in the unauthorized sale of untaxed cigarettes to non-tribe members through smoke shops, over the internet, and through telemarketing and print ads. (Pl. Br. at 1.) The complaint alleges three federal law claims for relief and four state law claims for relief: two claims of civil violation of the Racketeering Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; one claim of false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a); two claims of

1

violations of New York statutes prohibiting false advertising and deceptive trade practices, N.Y. Gen. Bus. Law §§ 349 and 350; and two claims for common law unfair competition and unjust enrichment.

The defendants moved to dismiss the complaint for lack of jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the grounds that they are entitled to sovereign immunity as Native American tribes. On December 22, 2006, the Court issued an order reserving decision on the defendants' Rule 12(b)(1) motions pending an evidentiary hearing. In response, the defendants withdrew their Rule 12(b)(1) motions, without prejudice, and requested permission to file motions to dismiss, pursuant to Rule 12(b)(6), for failure to state a claim.

Oral argument was held on the defendants' Rule 12(b)(6) motions on June 21, 2007 and decision was reserved. Although the Court will later issue a full order detailing its reasoning, it appears as though, at a minimum, plaintiff's Lanham Act claims will survive the defendants' Rule 12(b)(6) motions. Accordingly, the Court presumes that the defendants wish to renew their Rule 12(b)(1) motions and proceed with the evidentiary hearing. The renewed motions, and the requisite hearing, are hereby referred to the Honorable Kiyo Matsumoto, United States Magistrate Judge, for a Report and Recommendation. The parties are directed to confer with Magistrate Judge Matsumoto regarding any additional discovery and briefing.

SO ORDERED.

Dated: Brooklyn, New York
November 5, 2007

Carol Bagley Amon
United States District Judge