UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
GRISTEDE'S FOODS, INC.,

          Plaintiff,

      -against-

UNKECHAUGE NATION a/k/a UNKECHAUGE
POOSPATUCK TRIBE; HARRY WALLACE;
POOSPATUCK SMOKE SHOP AND TRADING POST;
THE SHINNECOCK TRIBE, a/k/a THE
SHINNECOCK INDIAN NATION;
RANDALL KING; JAMES W. ELEAZER, JR.;
LANCE A. GUMBS; SHINNECOCK LTD.; and
JOHN DOES 1 through 100,

          Defendants.
------------------------------------------------------------------- X

NOT FOR PUBLICATION
MEMORANDUM AND ORDER

06-CV-1260 (CBA)

AMON, UNITED STATES DISTRICT JUDGE

      This discussion presumes familiarity with the facts of this case as detailed in the Court's November 28, 2007 Memorandum and Order. Plaintiff Gristede's Foods, Inc. ("Gristede's") has filed suit against the Unkechauge Nation, a/k/a Unkechauge Poospatuck Tribe, Lance A. Gumbs, and the Poospatuck Trading Post Ltd., as well as the Shinnecock Tribe, a/k/a the Shinnecock Indian Nation, Harry Wallace, Randall King, James W. Eleazer, Jr., and Shinnecock, Ltd. Gristede's filed an Amended Complaint on December 17, 2007. That Amended Complaint included the claims sustained by the Court in its November 28, 2007 Memorandum and Order addressing defendants' motions to dismiss: a false advertising claim under the Lanham Act, 15 U.S.C. § 1125(a) and state consumer fraud claims under N.Y. Gen. Bus. Law §§ 349, 350. The Amended Complaint also named the Unkechauge Nation, Shinnecock Trading Post Ltd., and Lance A. Gumbs in his individual capacity as owner of the Shinnecock Trading Post Ltd. In this

1

motion, defendants Lance A. Gumbs and Shinnecock Trading Post Ltd. ("Unkechauge defendants") seek dismissal of Gristede's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendants' motion is denied.

**I.      Standard of Review**

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed "for failure of the pleading to state a claim upon which relief can be granted." A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. at 2200 (citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007)). The Second Circuit has observed that the standard articulated by the Supreme Court in Twombly remains somewhat uncertain but notes, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (Twombly, 127 S.Ct. at 1965; quoting ATSI Commc'ns., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007)).

When determining the sufficiency of a pleading for Rule 12(b)(6) purposes, "consideration is limited to the factual allegations in plaintiffs' [ ] complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citations omitted). The Court will draw all reasonable

inferences in the plaintiff's favor. Chambers v. Time Warner Inc., 282 F.3d 147, 152 (2d Cir. 2002).

## II. Discussion

### A. Lanham Act Claim

#### 1. Statute of Limitations

The Unkechauge defendants contend that Gristede's false advertising claim under the Lanham Act, 15 U.S.C. § 1125(a), is time barred. The Lanham Act, 15 U.S.C. §§ 1125(a), contains no statute of limitations for false advertising claims. When Congress has not provided a statute of limitations in a federally-created cause of action, "the applicable period of limitation is that which New York would enforce had an action seeking similar relief been brought in a court of that state." Swan v. Board of Higher Ed. of City of New York by Rosenberg, 319 F.2d 56, 59 (1963) accord Sandberg v. KPMG Peat Marwick, LLP, 111 F.3d 331, 333 (2d Cir. 1997) ("When Congress fails to provide a statute of limitations for claims arising under federal statutes, a court must apply the limitations period of the state-law cause of action most analogous to the federal claim.").

Defendants first argue that Gristede's Lanham Act claim is a statutorily created penalty and is thereby governed by the three-year statute of limitations period set forth in section 214(2) of the New York Civil Practice Law and Rules. See N.Y. C.P.L.R. § 214(2) ("The following actions must be commenced within three years . . . an action to recover upon a liability, penalty or forfeiture created or imposed by statute."). In response, Gristede's argues that New York's six-year statute of limitations for fraud cases is applicable to Lanham Act false advertising claims, relying on the Second Circuit's decision in Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187 (2d

3

Cir. 1996), and subsequent district court cases from this Circuit. Gristede's contends that the six-year limitations period, pursuant to N.Y. C.P.L.R. § 213(8), best effectuates the policy of the Lanham Act. See N.Y. C.P.L.R. § 213(8) ("The following actions must be commenced within six years. . . an action based upon fraud.").

The Court finds unpersuasive defendants' argument that the applicable limitations period for a Lanham Act false advertising claim is three years pursuant to N.Y. C.P.L.R. § 214(2) because "the Lanham Act is a penalty created by statute." (Unkechauge Def. Br. at 4.) The Second Circuit has held that the most analogous statute of limitations for Lanham Act claims is the six-year period for fraud claims pursuant to N.Y. C.P.L.R. § 213(8). Conopco, 95 F.3d at 191-192 (holding that the Lanham Act, "pertaining to false descriptions or representations, is properly analogized to New York's six year fraud statute") (internal quotations omitted). See also Carell v. Shubert Organization, Inc., 104 F.Supp. 2d 236, 260 (S.D.N.Y. 2000) (citing Conopco and stating that "[t]he Second Circuit has held that the most analogous New York period is the six-year period for fraud claims pursuant to the New York Civil Practice Law and Rules ("CPLR") § 213(8)"); Fitzpatrick v. Sony-BMG Music Entertainment, Inc., 2008 WL 84541, No. 07-2933, at *2 (S.D.N.Y. Jan. 8, 2008) (noting that in evaluating statute of limitations and laches defenses in Lanham Act cases, "the Second Circuit has held that the six-year statute of limitations applicable to state-law fraud claims in New York is the appropriate measure"). Conopco explicitly dealt with allegations of false advertising, in that case between competitors in the pasta sauce market in the form of misleading commercials. 95 F.3d at 190. Defendants' attempts to distinguish Conopco and its progeny are unavailing.

The Unkechauge defendants further contend that, because Gristede's seeks both equitable and monetary relief in its Lanham Act claim, Gristede's has brought two causes of action under the Lanham Act and that the Court is required to separately analyze whether each is time barred. The defendants argue that, at the very least, Gristede's claim for damages is a penalty imposed by law and is governed by the three-year statute of limitations set forth in N.Y. C.P.L.R. § 214(2).

The defendants fail to cite persuasive authority suggesting that a distinction between Lanham Act claims for equitable relief and those for monetary damages is relevant to a court's statute of limitations analysis. In Resources Development Inc., v. Statue of Liberty-Ellis Island Foundation, 926 F.2d 134 (2d Cir. 1991), cited by defendants, the court discusses whether there is a difference in proof requirements in Lanham Act cases seeking injunctive relief versus those seeking money damages, but does not suggest that this analysis would have implications for limitations periods. Id. at 139-40. Similarly, defendants' reliance on Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197 (10th Cir. 1990), is inapposite; the case involved a different statute, the federal Employee Retirement Income Security Act ("ERISA"). The Held court noted that ERISA offered two distinct and separate statutory provisions providing for equitable relief and damages to a plan participant or beneficiary; the Lanham Act contains no such provisions. Similarly, this Court declines to follow the reasoning set forth in De Medici v. Lorenzo de Medici, 101 A.D.2d 719, 720 (N.Y. App. Div. 1984), where the court suggested that a three-year statute of limitations period may be appropriate. In this Court's view, the Second Circuit's decision in Conopco provides a more appropriate framework to analyze Gristede's Lanham Act claims. Accordingly, Gristede's Lanham Act claim is controlled by the six-year statute of limitations set forth in N.Y. C.P.L.R. § 213(8). H&R Indus. v. Kirshner, 899 F.Supp.

995, 1001 (E.D.N.Y. 1995) (noting that courts have almost uniformly found that New York's common law fraud action resembles the policy behind the Lanham Act); Solow Bldg. Co., LLC v. Nine West Group, Inc., 2001 WL 736794, No. 00 Civ. 7685, at *3 (S.D.N.Y. Jun. 29, 2001) (holding that "[t]he limitations period that courts apply to Lanham Act cases is six years").

### 2. Accrual

Defendants further assert that the alleged injury underlying Gristede's Lanham Act claim is competitive in nature and accrued when Gristede's first knew or should have known of its injury. According to the defendants, allegations in the Amended Complaint support a finding that Gristede's Lanham Act claim accrued in 2000, when it became aware of the alleged competitive injury, and is therefore time barred.

Although New York state law provides the appropriate statute of limitations for plaintiff's Lanham Act claim, "[f]ederal law governs the question of when a federal claim accrues." M.D. v. Southington Bd. of Educ., 334 F.3d 217, 221 (2d Cir. 2003) (citing Leon v. Murphy, 988 F.2d 303, 309 (2d Cir.1993) (internal quotation marks omitted)); see also Guilbert v. Gardner, 480 F.3d 140, 149 (2d Cir. 2007) ("[W]hen a federal court determines the limitations period by applying an analogous state statute of limitations, the court nevertheless looks to federal common law to determine the time at which the plaintiff's federal claim accrues."). Generally, in a federal question case, a plaintiff's cause of action accrues when he discovers, or with due diligence should have discovered, the injury that is the basis of the litigation. Guilbert v. Gardner, 480 F.3d at 149; see also Leon v. Murphy, 988 F.2d at 309 ("Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action.") (citations omitted).

Accordingly, in false advertising claims brought under the Lanham Act, the plaintiff's injury accrues when the plaintiff knew or had reason to know of its injury. An actionable injury in a Lanham Act case may include harm to "commercial interests, direct pecuniary interests, and even a future potential for a commercial or competitive injury" caused by an advertisement that is false or likely to confuse consumers. ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 169 (2d Cir. 2007) (citing PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1111 (2d Cir.1997)). An injured party must demonstrate both (1) "'a reasonable interest to be protected against the advertiser's false or misleading claims,'" and (2) "'a reasonable basis for believing that this interest is likely to be damaged by the false or misleading advertising.'" ITC Ltd. v. Punchgini, Inc., 482 F.3d at 169 (citing Societe Des Hotels Meridien v. LaSalle Hotel Operating P'ship, 380 F.3d 126, 130 (2d Cir.2004)).

Although Gristede's Amended Complaint contains allegations that defendants have been falsely advertising "tax-free" cigarettes since 2000, plaintiff's Lanham Act claim is not clearly time barred based on the allegations in the Amended Complaint. The facts supporting an affirmative defense, such as a statute of limitations challenge, must appear on the face of the complaint. Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998) ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint."); see also McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004). In view of the six-year statute of limitations applicable to Gristede's Lanham Act claim, as well as the standard by which the Court is to construe Gristede's allegations, a statute of limitations defense is not made out on the face of

the complaint.[1] Gristede's filed its first complaint in this case on March 20, 2006. Even assuming that Gristede's was aware of its injury in 2000, its Lanham Act claim may still be timely. Moreover, Gristede's may not have been reasonably aware of its injury until a later date.

Accordingly, the Court concludes that the Unkechauge defendants have not established a statute of limitations defense such that dismissal would be appropriate at this stage in the proceedings.

### 3. Quantity Term

The Unkechauge defendants additionally contend that because N.Y. Tax Law § 471-a does not require payment of an excise tax for purchases of less than 400 cigarettes, defendants' "tax-free" advertisements are not false under the Lanham Act. Defendants argue that no quantity term is contained in the advertising alleged by Gristede's and one may not be inferred to imply falsity.

The Court finds that the Amended Complaint sufficiently alleges a Lanham Act claim. The Amended Complaint specifically states that defendants' advertising induces non-tribe members to purchase "large quantities of cigarettes from the defendants," which may include purchases involving more than 400 cigarettes, or two cartons. (Am. Compl. ¶ 29.) Moreover, the defendants fail to cite persuasive authority in support of their position. Defendants rely on Surcdyk's Liquor Store, Inc. v. MGM Liquor Store, Inc., 83 F.Supp.2d 1016 (D.Minn. 2000) and Ott v. Target Corp., 153 F.Supp.2d 1055 (D.Minn. 2001) for the proposition that when an

---

[1] Defendants also summarily argue, in a footnote, that laches analysis is appropriate in the instant case because at Gristede's was or should have been aware of its injury in 2000. The Court declines to reach this issue because face of Complaint does not establish that the case is time barred, and a presumption of laches only applies after the expiration of the statue of limitations. See Conopco, 95 F.3d at 192.

advertisment does not contain a quantity term, a term may not be inferred to conclude the advertisement is false. However, those cases do not support defendants' argument. In <u>Surdyk's</u>, the court held that plaintiff could go forward on his claim of literal falsity under the Lanham Act against a liquor store who had allegedly advertised the immediate availability of products stocked in only small quantities. 83 F.Supp.2d at 1025. Similarly, the court in <u>Ott v. Target Corp.</u>, 153 F.Supp.2d 1055, 1070 (D.Minn. 2001), concluded that a plaintiff's claim of literal falsity was barred because the defendant store never claimed the products at issue would be immediately available, but a claim of misleading or deceptive advertising survived summary judgment because the alleged understocking could have contributed to customer confusion. 153 F.Supp.2d 1055,1070 (D.Minn. 2001). These cases suggest that when an advertisement contains a representation regarding stocking and availability of products, and a defendant fails to stock the advertised goods, Lanham Act claims for literal falsity or misleading advertising may be maintained. They do not support opposite conclusion: that when an advertisement lacks a quantity term, it is necessarily true.

### 4. Necessary by Implication Doctrine

Defendants also claim that, in accordance with the "doctrine of necessary implication," Gristede's false advertising claim must be evaluated in context, and that context suggests that the alleged advertisements for "tax-free" cigarettes are not false. Defendants, relying on <u>Time Warner Cable Inc. v. DIRECTV Inc.</u>, 497 F.3d 144 (2d Cir. 2007), argue that the debate in New York state surrounding the taxation of cigarette sales by reservation retailers to non-tribe members requires a finding that the alleged advertising is not violative of the Lanham Act. Defendants also urge the Court to consider the advertiser's intent, and contend that the

9

advertisements in dispute were not intended to convey the message that the products sold were entirely tax-exempt.

The Court concludes that defendants reliance on the Second Circuit's decision in Time Warner Cable Inc. v. DIRECTV Inc. is misplaced. The Time Warner court concluded that a district court evaluating whether an advertisement is literally false "must analyze the message conveyed in full context." 497 F.3d at 158 (citation omitted). However, the "context" the court referred to was that of the advertisement itself, a consideration of "the advertisement in its entirety." Id. In examining the commercials at issue in Time Warner, the court analyzed the context of the entire advertisement rather than isolating specific statements or "engag[ing] in disputatious dissection"; the larger political and social context of the advertisement was not considered. Id. at 154-55; 158. Moreover, to the extent that there is any relevance to an inquiry into the political context of the advertisements at issue in this case or the advertiser's intent, that analysis involves questions of fact that are not properly considered at the motion to dismiss stage.

### 5. False Representations

Finally, defendants argue that Gristede's Lanham Act claim must be dismissed because the alleged advertisements are not false in view of New York State's policy of forbearance on the collection of taxes on cigarette sales made to Native American retailers for re-sale to the public. This issue was raised by other defendants in this case and was addressed by the Court in its

November 28, 2007 Memorandum and Order. See Memorandum & Order at 13-16.[2]

Accordingly, the Unkechauge defendants' motion to dismiss Gristede's claims is denied.

**CONCLUSION**

For the reasons set forth above, Unkechauge defendants' motion to dismiss Gristede's Amended Complaint is denied.

SO ORDERED.

Dated: Brooklyn, New York
August 8 , 2008

Carol Bagley Amon
United States District Judge

---

[2] This Court previously has addressed the application of N.Y. Tax L. § 471 to cigarettes sold to reservation retailers for re-sale to the general public. See City of New York v. Milhelm Attea & Bros., No. 06-cv-3620 (April 30, 2008) (CBA) at 3-5; 19-23.

11