UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
GRISTEDE'S FOODS, Inc.,

                    Plaintiff,

     -against-                              **MEMORANDUM & ORDER**

POOSPATUCK(UNKECHAUGE) NATION,              06-cv-1260 (KAM)
a/k/a POOSPATUCK INDIAN TRIBE,
a/k/a UNKECHAUG INDIAN NATION,
a/k/a UNKECHAUG NATION; HARRY
WALLACE; THE POOSPATUCK SMOKE SHOP
AND TRADING POST; GOLDEN FEATHER
CIGARETTE EXPRESS; KOKO SMOKE;
PEACE PIPE SMOKE SHOP; POOSPATUCK
INDIAN OUTPOST; MONIQUE'S SMOKE
SHOP, a/k/a RAINBOW SMOKE; RED DOT
& FEATHER SMOKE SHOP; SMOKING ARROW
SMOKES; TDM DISCOUNT CIGARETTES;
POOSPATUCK TRADING CO. & SMOKE
SHOP; SMOKE WAREHOUSE; BARGAIN
BUTTS, a/k/a BARGAINBUTTS.COM;
SHAWN MORRISON; KEN DIMONEICO;
RODNEY MORRISON; RONNIE BELL;JESSEY
WATKINS; RAYMOND HART; JENNIFER
DAVIS; DENISE PASCHALL; TOMISINA
MACK; THE SHINNECOCK TRIBE, a/k/a
THE SHINNECOCK INDIAN NATION;
RANDALL KING; JAMES W. ELEAZER;
GORDELL WRIGHT; FREDERICK C. BESS;
LANCE A. GUMBS, a/k/a LANCELOT
GUMBS; SHINNECOCK TRADING POST
LTD., a/k/a SHINNECOCK LTD.;
SHINNECOCK SMOKE SHOP; RAINDROP'S
QUICK STOP, a/k/a THUNDERBIRD
COFFEE SHOP; TRUE NATIVE SMOKE
SHOP; BNB TOBACCO PRODUCTS;
JONATHON SMITH; DIANE C. VIEIRA;
HOLLY DAVIS; BRIAN N. BESS; ANDRE
DENNIS; TAOBI SILVA; and JOHN DOES
1 through 100,
                    Defendants.
------------------------------------X

**MATSUMOTO**, United States District Judge:

1

Pending before the court is the plaintiff Gristede's Foods, Inc.'s ("Gristede's" or "plaintiff") motion to consolidate the above-captioned action (the "Gristede's action") with The City of New York v. Golden Feather, et al., No. 08-cv-3966, pending before Judge Carol B. Amon ("Golden Feather"). In the Gristede's action, the defendants, Shinnecock Indian Nation, Gordell Wright, Federick C. Bess, and Lance A. Gumbs, as sued in his individual capacity, and the Shinnecock Trading Post, Ltd. (together the "Shinnecock defendants") oppose plaintiff's motion to consolidate. However, the defendants Unkechauge Nation, Harry Wallace, Poospatuck Smoke and Trading Post, Golden Feather Cigarette Express, Koko Smoke, Monique's Smoke Shop, Red Dot & Feather Smoke Shop, Smoke Signal Smoke Shop, Smoke Warehouse, Ken Dimoneico, Raymond Hart, Jennifer Davis, Denise Paschall, Tomisina Mack and Shawn Morrison (together, "Unkechauge defendants") support the motion to consolidate for discovery purposes, in the interest of judicial economy. The City of New York, the plaintiff in the action pending before Judge Amon, has indicated that it opposes consolidation other than for discovery purposes.

### I.    Procedural History

On March 20, 2006, plaintiff commenced this action against the Unkechauge Nation, a/k/a Unkechauge Poospatuck Tribe (the "Unkechauge" or "tribe") and the Shinnecock defendants; individual defendants Harry Wallace ("Wallace"), Randall King, James W. Eleazer, Jr., and Lance A. Gumbs; and the Poospatuck Smoke Shop and Trading Post (the "Poospatuck Smoke Shop" or "Smoke Shop"); and Shinnecock, Ltd.  Plaintiff, the owner of several supermarkets in the New York City metropolitan area and on Long Island, New York, alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, and the Lanham Act, 15 U.S.C. § 1125(a), and state law claims for unjust enrichment, unfair competition, deceptive trade practices, and false advertising arising from defendants' tax-free cigarette sales and advertising.  The case was originally assigned to Judge Amon and the undersigned in her previous capacity as Magistrate Judge.  On August 8, 2008, this case was transferred to the undersigned in her new capacity as District Judge and Magistrate Judge Azrack was assigned as the Magistrate Judge.  On June 30, 2009, Magistrate Judge Carter was reassigned to this case, relieving Magistrate Judge Azrack.

In July 2006, the defendants who were parties to the action at the time filed a motion to dismiss for lack of subject

matter jurisdiction pursuant to Rule 12(b)(1) of the Federal

Rules of Civil Procedure asserting that they are immune from

suit by virtue of their sovereign immunity as Indian tribes. In

an order dated December 22, 2006, the court deferred ruling on

the defendants' Fed. R. Civ. P. 12(b)(1) motion pending further

briefing and an evidentiary hearing on the tribal status of the

Shinnecock and Unkechauge defendants. After filing a motion for

reconsideration, the defendants were granted leave to file new

Rule 12 motions and the motions to dismiss pursuant to Rule

12(b)(1) and for reconsideration were subsequently withdrawn

without prejudice to the reinstatement of the Rule 12(b)(1)

motion if the new Rule 12 motions were denied.

On November 5, 2007, the court denied in part the

defendants' motion to dismiss pursuant to Rule 12(b)(6) and the

parties renewed their motion to dismiss pursuant to Rule

12(b)(1). On December 21, 2007, following the dismissal of

certain of plaintiff's claims, plaintiff filed an Amended

Complaint to include those claims sustained by the court - the

false advertising claim under the Lanham Act and the state

consumer fraud claims - and to properly name Lance A. Gumbs in

his individual capacity for his ownership and operation of the

Shinnecock Trading Post, previously identified as Shinnecock,

Ltd.

The Unkechuage defendants pursued their Rule 12(b)(1)

motion to dismiss for lack of subject matter jurisdiction, which

required discovery and an evidentiary hearing on that issue.[1]

The Shinnecock defendants chose not to pursue a Rule 12(b)(1)

motion and the court ordered merits discovery to proceed as to

the Shinnecock defendants on January 8, 2008.  On August 18,

2008, plaintiff filed a Second Amended Complaint, naming the

above-captioned defendants and adding a cause of action under

the Cigarette Marketing Standards Act ("CMSA").

On September 29, 2008, the City of New York commenced

Golden Feather, alleging claims of trafficking of contraband

cigarettes without charging and remitting New York City taxes

under the Contraband Cigarette Trafficking Act ("CCTA"), 18

U.S.C. § 2341(2), a claim for aiding and abetting violations of

the CCTA, and a claim for selling cigarettes without charging

and remitting New York City taxes under the CMSA.  The City's

claims are solely against the following Unkechauge individuals

and businesses: Golden Feather Smoke Shop, Inc., Monique's Smoke

Shop, Jessey Watkins, Rodney Morrison, Sr., Red Dot & Feathers

Smoke Shop, Inc., Raymond Hart, Smoking Arrow Smoke Shop, Denise

Paschall, TDM Discount Cigarettes, Thomasina Mack, Peace Pipe

---

[1]     By decision dated October 8, 2009, the Court granted the 12(b)(1)
motions as to the Unkechauge tribe and to Chief Henry Wallace in his tribal
capacity, and denied the 12(b)(1) motion as to Chief Henry Wallace in his
individual capacity and as to the Poospatuck Smoke Shop and Trading Post.
(Doc. No. 93)

Smoke Shop, and Shawn Morrison, in addition to Charlotte

Morrison, Wayne Harris, Ernestine Watkins, Tony D. Phillips,

Kiana Morrison, Kimo Smoke Shop, Inc. and Smoke and Rolls, Inc.

(together the "Golden Feather defendants").  The City sought an

injunction enjoining certain defendants from selling untaxed

cigarettes to non-members of the Unkechauge Indian Nation.  The

case was assigned to Judge Amon and Magistrate Judge Azrack.

On October 28, 2008, the City filed a motion for a

preliminary injunction in Golden Feather.  (G.F. Doc. No. 30.)[2]

On December 8, 2008, the Golden Feather defendants filed a

motion to dismiss for lack of subject matter jurisdiction.

(G.F. Doc. No. 51.)  On March 3, 2009, Judge Amon held oral

argument on the City's motion for a preliminary injunction and

Golden Feather's motion to dismiss.  (G.F. Minute Entry 3/3/09.)

On March 16, 2009, Judge Amon denied the Golden Feather

defendants' motion to dismiss and deferred ruling on the City's

motion for a preliminary injunction pending an evidentiary

hearing.  (G.F. Doc. No. 88.)  Discovery proceeded before Judge

Azrack.  (See G.F. Doc. Nos. 89, 119, 123; Minute Entry 5/4/09,

5/5/09).  Judge Amon held an evidentiary hearing on the City's

motion for a preliminary injunction on May 15, 18-20, 2009 and

post-hearing briefing was submitted and oral argument held

thereafter.  (See G.F. Order 6/9/09.)  On July 15, 2009, the

---

[2]     The Golden Feather docket is referred herein as "G.F."

Golden Feather defendants filed a motion for reconsideration of the court's denial of their motion to dismiss. (G.F. Doc. Nos. 157-158.) In Findings of Fact and Conclusions of Law dated August 25, 2009, Judge Amon granted the City's motion for a preliminary injunction and denied the Golden Feather defendants' motion for reconsideration. The preliminary injunction was stayed for a limited period of thirty days. (G.F. Doc. No. 179 at 76.)

Plaintiff served its motion to consolidate this case with Golden Feather on December 19, 2008.

## DISCUSSION

### I.   Motion to Consolidate

Pursuant to Fed. R. Civ. P. 42(a), a court can consolidate pending matters where such actions "involve a common question of law or fact." Even when actions involve a common question of law or fact, the trial court has broad discretion to determine whether consolidation is appropriate by balancing the economy gained, an interest in avoiding conflicting results and prejudice to the parties. Johnson v. Celotex Corp., 899 F.2d 1281, 1284-1285 (2d Cir. 1990) (the court must consider "'[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on

parties, witnesses, and available judicial resources posed by

multiple lawsuits, the length of time required to conclude

multiple suits as against a single one, and the relative expense

to all concerned of the single-trial, multiple-trial

alternatives.'")(quoting <u>Hendrix v. Raybestos-Manhattan, Inc.</u>,

776 F.2d 1492, 1495 (11th Cir. 1985); <u>Maggio v. Leeward

Ventures</u>, 939 F. Supp. 1020, 1031 (E.D.N.Y. 1996); <u>Bank of

Montreal v. Eagle Assoc.</u>, 117 F.R.D. 530, 533 (S.D.N.Y.1987)

("One of the primary objectives of consolidation is to prevent

separate actions from producing conflicting results.").  For the

following reasons, the court finds that consolidation of the

present case with <u>Golden Feather</u> is unnecessary to promote

judicial economy or to avoid conflicting results.  Accordingly,

the court exercises its discretion and declines to consolidate

the actions.

### A. Claims and Parties in this Matter and <u>Golden Feather</u>

Although these two actions involve the respective

defendants' alleged unlawful sale of cigarettes tax-free and

involve entities and individuals purportedly associated with

Indian tribes, the similarities between these actions are

limited and are insufficient to satisfy the requirement of Fed.

R. Civ. P. 42 that the actions involve a common question of law

and fact.  <u>Accord</u> <u>Smith v. Everson</u>, No. 06-cv-0791 (SJF)(AKT),

2007 U.S. Dist. LEXIS 58293, at *6-7 (E.D.N.Y. Aug. 6, 2007);

see Almonte v. The Coca-Cola Bottling Co., No. 95-cv-1458 (PCD),

1996 U.S. Dist. LEXIS 20253, at *5-6 (D. Conn. Dec. 11, 1996).

In the first instance, of the approximately fifty defendants

named in both this action and in Golden Feather, only twelve

appear in both actions.  Therefore, any overlap of fact and law

between the two actions is limited to those twelve defendants.

Furthermore, while there might be some overlap in

facts, Gristede's claims are based on the defendants' allegedly

false advertising and deceptive trade practices while the City's

claims are based on the illegal tax-free sale of cigarettes.

These claims involve different theories of liability and require

establishing distinct elements.  The City plaintiff in Golden

Feather must prove a violation of cigarette tax laws and that

defendants trafficked contraband cigarettes.  The City's claim

for damages requires establishing how many cigarettes were sold

illegally and calculating the amount of tax revenue lost.  In

the instant action, plaintiff Gristede's must establish that the

defendants' advertising was actually or impliedly false, which

is irrelevant to whether the cigarette sales were illegal.

Advertising is not an essential component of any of the City's

claims in Golden Feather.  Furthermore, instead of calculating

the amount of tax revenue lost, plaintiff's claim for damages

will have to establish a causal connection between the allegedly

9

false advertising and violation of the cigarette tax law and plaintiff's lost sales.

Furthermore, the court finds it relevant that the plaintiff in this action is a private entity whereas the plaintiff in Golden Feather is New York City, a governmental entity. Thus, their interests are not necessarily aligned. Indeed, the City seeks damages in part because of the extent to which the Golden Feather defendants' allegedly illegal sale of cigarettes undermines its interest in the cessation of smoking. Plaintiff cannot seriously argue that it has such an interest, given that it seeks damages based on its reliance on cigarette sales to draw its customers to its stores.

### B. Convenience and Judicial Economy

The court further declines to exercise its discretion to consolidate these actions based on convenience or judicial economy. The legal and factual distinctions between the two actions are significant and the superficial similarities between them can easily lead to confusion of the issues. Accord Smith, 2007 U.S. Dist. LEXIS 58293 at *9-10 (denying motion to consolidate where consolidation would lead to confusion in light of distinct issues involved and would not improve efficiency); Johnson v. Kerney, No. 91-cv-4028, 1993 U.S Dist. LEXIS 18503, at *18 (E.D.N.Y. Dec. 16, 1993) (noting that there was

undoubtedly some overlap between the two suits, but the efficiency gained in combining the suits would not be substantial and was outweighed by the potential for confusion).

Furthermore, the parties in both of these actions have actively litigated their positions, requiring extensive resources of each court to learn the discrete legal issues and facts pertaining to the causes of action in the cases. Consolidation would require the court taking on the new case to familiarize itself with a complex docket. The merits discovery and pre-trial motion practice ahead will only be minimally duplicative given the different causes of action alleged in each case. For these reasons, the court finds that judicial economy is better served by denying plaintiff's motion to consolidate.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to consolidate is denied. Plaintiff is ordered to serve a copy of this Memorandum and Order on all parties in the Golden Feather action and to file a declaration of service no later than October 29, 2009.

**SO ORDERED.**

Dated: Brooklyn, New York
      October 27, 2009

                               _____ /s/_____ _____
                               KIYO A. MATSUMOTO
                               United States District Judge
                               Eastern District of New York